SUMNER RUSSELL & als., *Appellants from decision of* COUNTY COMMISSIONERS OF FRANKLIN COUNTY, *on petition of* SELECTMEN OF AVON.

An appeal from the decision of the county commissioners laying out a highway can only be taken after the proceedings are recorded at the second regular term after the laying out.

A return of the laying out of a highway was made at the December term, 1860; the case continued to the next term, (April, 1861,) and the proceedings then recorded. Subsequently an appeal was taken to the next term of the Supreme Judicial Court, held after April 1861: — *Held,* that the appeal was seasonably taken.

ON EXCEPTIONS, to the ruling of APPLETON, J.

This was an appeal from the decision of the county commissioners of Franklin county laying out a highway. The respondents moved to dismiss the appeal, because it was not seasonably taken; and the presiding Judge, *pro forma,* granted the motion, and the appellants excepted. The case is stated in the opinion.

*Linscott & Pillsbury,* in support of exceptions.

*S. H. Lowell, contra.*

The opinion of the Court was drawn up by

APPLETON, J. — The duties of the county commissioners upon a petition for the location, alteration or discontinuance of a highway, are pointed out by the provisions of R. S., 1857, c. 18, § 4. After giving due notice of the time and place of hearing, they are "to hear all parties interested. If they judge the way to be of common convenience and necessity, or that an existing way shall be altered or discontinued, they shall proceed to perform the duties required; make a correct *return* of their doings, signed by them, accompanied by an accurate plan of the way; and state in their return, when it is done, the names of the persons to whom damages are allowed, the amount allowed each, and when to be paid," &c.

By § 5, their *return*, made at their *next* regular term after hearing, *is to be placed on file* and to remain in the custody of the clerk, *for inspection, without record*. The case is then to be continued to their *next* regular term; when, or before then, all persons aggrieved by their estimate of damages shall present their petitions for redress. If no such petition is then presented or pending, the proceedings shall be closed, recorded and become effectual; and all claims for damages not allowed by them shall be forever barred; and all damages awarded under the first seventeen sections shall be paid out of the county treasury."

If no provision had been made for an appeal, the proceedings would now be closed.

But the right of appeal is given by § 34, which provides that "parties .interested may appear jointly or severally at the time and place of hearing before the commissioners, on a petition for a laying out, altering and discontinuing any highway; and any such party may appeal from their decision thereon, at any time *after it has been entered of record*, and before the next term of the Supreme Judicial Court in said county, at which term such appeal may be entered and prosecuted by him or by any other party who so appeared. And all further proceedings before the commissioners are to be stayed until a decision is made in the appellate Court." In ascertaining the intention of the Legislature, it will be necessary to consider both the provisions of § 5 and of § 34.

By § 5, the return of the commissioners "is to be placed on file," for inspection, without record. It is to be recorded at the next regular term. When recorded, it is then " entered of record." Filing and entering of record are entirely different and are to be done at different terms. After the term at which the return is thus entered of record, "and *before* the *next* term of the Supreme Judicial Court," an appeal may be taken, which is to be entered at the next term before mentioned.

An appeal implies a decision from which such appeal is taken. The only decision of the county commissioners, was

when "the proceedings were closed, recorded and become effectual." Until that time they were merely on file, for inspection, and without record.

In this case, the county commissioners made their report, granting the prayer of the petitioners, at their term holden on the last Tuesday of December, 1860, being their next regular session after the hearing, which took place June 5, 1860. This report, or "return," was placed on file, &c., and the case continued to the *next* regular session, held on the last Tuesday of April, 1861, as required by R. S., c. 18, § 5, at which time, no petition for damages having been presented, the proceedings were closed and recorded.

The *next* term of this Court, after these proceedings were entered, was holden on the third Tuesday of October, 1861, at which term the appeal was entered, as by § 34 it should be. The appeal therefore was seasonably entered in this Court.                          *Exceptions sustained.*

TENNEY, C. J., GOODENOW, DAVIS and KENT, JJ., concurred.